UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MENDY ET AL.                                    CIVIL ACTION

VERSUS                                          NO: 10-4585

CHASE HOME FINANCE LLC ET AL.                   SECTION: "J"(1)

                              **ORDER**

   Before the Court is Plaintiffs Mazdaq Investment Group, Inc, Charles Albert Mendy, and Dominique Flicher Mendy ("Plaintiffs")'s Motion to Reconsider (Rec. Doc. 26) and Defendant Chase Home Finance LLC ("Chase")'s Opposition (Rec. Doc. 27).

**PROCEDURAL HISTORY AND BACKGROUND FACTS:**

   This suit stems from a real estate foreclosure proceeding filed by Chase seeking to foreclose on property owned by Charles Mendy. On October 20, 2009, Chase filed a Petition for Executory Process in the 22d Judicial District Court for Washington Parish, Louisiana, seeking seizure and sale of immovable property mortgaged as security for a Note executed by Charles Mendy on September 22, 2004. Neither Dominique Flitcher Mendy nor Mazdaq Investment Group, Inc. ("Mazdaq") were named as Defendants in the

suit. On October 27, 2009, the state court entered an order directing the Sheriff to seize and sell the mortgaged property at public auction. Charles Mendy did not seek to enjoin the seizure and sale of the property. The property was sold at a sheriff's auction on February 3, 2010. On March 22, 2010, Plaintiffs filed a "counterclaim" in the state court executory process action, seeking a preliminary injunction enjoining Chase from disposing of the property, however, the request for injunction was ultimately withdrawn as it was not timely.

On December 21, 2010, Plaintiffs filed the instant suit, in which Charles Mendy seeks damages from Chase for not entering into a loan modification; Dominique Flitcher Mendy and Mazdaq claim to have possessed interests in the property which were purportedly derogated by virtue of the foreclosure and sale. Plaintiffs' complaint named several Defendants: Chase Home Finance LLC, JP Morgan Chase Bank, N.A. ("JPMorgan"), Louis Graham Arceneaux ("Arceneaux"), Graham & Arceneaux, PLC ("Graham"), and various fictitious or unidentified Defendants on December 27, 2010 (Rec. Doc. 1).

As result of a Motion for Extension of Time, Defendant Chase was granted until February 1, 2011 to file an answer by an order issued on January 10, 2011 (Rec. Doc. 9). On January 31, 2011, in lieu of filing an answer, Defendant Chase filed a Motion to Dismiss (Rec. Doc. 15) pursuant to FRCP 12(b)(5) and 12(b)(2).

In its Motion to Dismiss, Chase argued that the claims against Chase should be dismissed on the grounds that the Plaintiffs violated Rule 4(c)(2) of the Federal Rules of Civil Procedure by attempting to serve Chase themselves, thereby resulting in a lack of personal jurisdiction over Chase. Plaintiff, Charles Albert Mendy, a party in interest, was the server of process on the initial summons.

Chase's motion was set for hearing without oral argument on March 2, 2011. In accordance with 7.5 of the Local Rules for the Eastern District of Louisiana, Plaintiffs' opposition was due eight days before the March 2, 2011 hearing date. When no such opposition was filed, the Court granted Chase's motion as unopposed and well-founded (Rec. Doc. 24). The Court explained that a motion for reconsideration could be filed by Plaintiff within 30 days, if it is accompanied by an opposition memorandum to Chase's original motion. The Court's Order stated that, should Plaintiffs seek reconsideration, they will be responsible for Chase's attorney's fees and costs incurred in defending a motion for reconsideration. Plaintiffs now move this Court to reconsider its previous Order dismissing all claims against Chase.

**THE PARTIES ARGUMENTS:**

Plaintiffs admit that they did not file the opposition as required by the local rules. However, Plaintiffs explain that

they caused the summons to be reissued as to Chase. Plaintiffs argue that the proper service of Chase rendered the original motion to dismiss moot. Plaintiffs suggest that a reconsideration of the Court's previous Order on Motion to Dismiss would be appropriate to prevent injustice.

In response, Chase argues that Plaintiffs have not established a basis for their Motion for Reconsideration in that they provide no legitimate excuse for their failure to oppose Chase's original motion. Chase reiterates that its motion to dismiss was properly granted. Moreover, Plaintiffs' second attempt at service was also insufficient because the summons is defective. The issuance of the second summons was not requested by any of the named Plaintiffs or their counsel of record, in violation of Rule 4(b).  Finally, Chase claims that it is entitled to recover attorneys' fees and costs associated with responding to Plaintiffs' motion to reconsider.

**DISCUSSION:**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. <u>Bass v. U.S. Dept. of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000). If such a motion is filed within 10 days it is considered under the standards of a Rule 59(e) Motion to Alter or Amend Judgment. <u>Tex. A&M Research Found. v. Magna Transp., Inc.</u>, 338 F.3d 394, 401 (5th Cir. 2003).

A Rule 59(e) motion 'calls into question the

>correctness of a judgment.' [The Fifth Circuit Court of Appeals] has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.' Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

<u>Templet v. HydroChem Inc.</u>, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted). This Court may properly decline to consider new arguments or new evidence on reconsideration where those arguments were available to the movant prior to the order. <u>Id.</u>

Plaintiffs essentially cite no law in support of their argument for reconsideration. Instead, they argue that they merely made a mistake and that, without reconsideration, manifest injustice would occur. Plaintiffs assert that Defendant's Motion to Dismiss was rendered moot by Plaintiffs' proper service on Defendant. Defendant contends that Plaintiffs' second attempt to serve was deficient.

Under Fed. R. Civ. P. 4(b), a plaintiff "may present a summons to the clerk for signature and seal. If the summons is

properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Chase alleges that the summons was not properly requested because some third party, and not Plaintiffs or their counsel, presented the summons to the clerk. Thus, the issue presented is whether this makes the summons deficient so as to result in insufficiency of service of process, warranting dismissal of Plaintiffs' claims against Chase. Chase does not cite any case law in support of its argument. Nothing in the Federal Rules of Civil Procedure prohibits Plaintiffs or their counsel from using an agent to present the summons for the clerk's signature and seal. In fact, the language of Rule 4(b) is permissive: "the plaintiff may present." The clerk properly accepted, signed, sealed, and issued the summons for service on Defendant. Thus, the Court concludes that the summons was not deficient and that Chase was properly served.

    Additionally, Chase requests that it be awarded costs and attorney's fees that it expended in preparing its response to Plaintiffs' Motion for Reconsideration. Rule 16(b) states that "the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule." The Rule qualifies, however, that where "the noncompliance was substantially justified or other circumstances make an award of expenses

unjust," no such order is required. Plaintiffs explained that they were under the impression that Chase's Motion was rendered moot by Plaintiffs' second attempt to serve Defendant. The delay did not cause Defendant any unfair prejudice. Further, Defendant's response merely reiterates the arguments Defendant made in its original motion. The newly raised point regarding Plaintiffs' second attempt to serve has no merit. Consequently, Chase's request for attorney's fees and costs must be denied.

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' **Motion for Reconsideration (Rec. Doc. 26)** is **GRANTED**. **IT IS FURTHER ORDERED** that the Court's previous **Order (Rec. Doc. 24)** is **VACATED in part**, to the extent that it granted Chase's Motion to Dismiss. **IT IS FURTHER ORDERED** that Defendant Chase's request for fees and costs is **DENIED**.

New Orleans, Louisiana, this 18th day of April, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE